

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Henry M. Wilder
County Attorney
Live Oak County
George West, Texas

Attention: Mr. R. E. Schneider, Jr.

Dear Sir:

Opinion No. O-4516

Re: Does Article 666-33, Vernon's Annotated Penal Code, require that the same persons who have been or may be designated as officers to hold general elections must be appointed to hold the local option election, or does the act merely require that the same number of judges, clerks, etc., be appointed but that such officers may be different persons than those who have been or may be designated to hold general elections?

Your letter requesting the opinion of this department on the above stated question reads in part as follows:

"The county judge of this county has requested that I obtain from you an opinion of the construction to be placed on the following portion of Article 666-33 of the Penal Code, Acts 1935, 44th Leg., 2nd C. S., p. 1795, Ch. 467, Art. I-33.

"'-provided that said Court shall appoint such officers to hold such elections as now required to hold general elections.'

"The question is does the act require that the same persons who have been or may be designated as officers to hold general elections must

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

be appointed to hold the local option election,
or, does the act merely require that the same
number of judges, clerks, etc., be appointed
but that such officers may be different persons
that whose who have been or may be designated
to hold general elections.

"I have advised him that the act does not re-
quire that the same persons be appointed to hold
a local option election as have been or may be
designated to hold general elections, but that
he may appoint different persons so long as he
has the same number and class or character of
officials, as required to hold general elections.

"To my mind the statute is clear and raises
no question that the same persons need be appoint-
ed, if such had been the intention of the legis-
lature it would have used language more appro-
priate to convey it's intention that the same
persons should be appointed."

Article 666-32, Vernon's Annotated Penal Code, pro-
vides for the holding of local option elections to determine
whether or not the sale of liquor shall be prohibited or
legalized.

Article 666-33, Vernon's Annotated Penal Code, pro-
vides:

"Where the commissioners' court shall order
an election as herein provided for, it shall be
the duty of said court to order such election to
be held at the voting place within such subdivi-
sion or county upon a day not less than ten (10)
nor more than twenty (20) days from the date of
said order, and the order thus made shall express
the object of such election and shall be held to
be prima facie evidence that all the provisions
necessary to give it validity or to clothe the
court with jurisdiction to make it valid, have
been duly complied with, provided that said court
shall appoint such officers to hold such elec-
tion as now required to hold general elections."

Article 666-34, Vernon's Annotated Penal Code, pro-
vides that local option elections shall be held and the returns

thereof made in conformity with the provisions of the general laws of the State, and by the election officers appointed and qualified under such laws; and Article 666-36, Vernon's Annotated Penal Code, provides that the holding of such elections by the officers shall conform to the general election laws in force regulating elections.

Vernon's Annotated Civil Statutes, Volume 9, Title 50, Chapter 3, sets out the qualifications of officers of elections and the manner of their appointment. Article 2937, Vernon's Annotated Civil Statutes, requires that in small precincts (having less than 100 votes) there shall be appointed by the commissioners' court, at the February term, two qualified judges to hold elections and the presiding judge shall appoint two competent and reputable voters to act as clerks of the election.

Article 2938, Vernon's Annotated Civil Statutes, provides that for a large precinct (having more than 100 votes) the commissioners' court shall appoint four judges to hold elections. This statute authorizes the presiding judge to appoint four competent and reputable clerks to assist said judges in holding the election.

Articles 2937 and 2938 are a part of the Terrell Election Law, which has been held not to effect or apply to special elections, but to be confined to general elections and primary elections (Chestnutt, et al., v. Wells, 280 S.W. 351; and authorities cited therein). Local option elections are special elections.

Therefore, in view of the foregoing, it is our opinion that Article 666-33, supra, merely requires that the same number, class and character of judges and clerks are to be appointed by the commissioners' court to hold local option elections as are required to hold general elections but does not require that the same persons who have been designated or appointed as officers to hold general elections must be appointed to hold local option elections.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED APR 13, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:db

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY BW
CHAIRMAN